IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-001278-BNB

JOHN H. SEARCY,

    Plaintiff,

v.

WESTMINSTER, COLORADO POLICE DEPARTMENT,

    Defendant.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 22 2008

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Plaintiff, John H. Searcy, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Fremont Correctional Facility in Cañon City, Colorado. Mr. Searcy has filed *pro se* a civil rights complaint pursuant to 42 U.S.C. § 1983 (2006) and 28 U.S.C. § 1343 (1993). As relief, he asks for this Court to compel Defendant, the Westminster, Colorado, Police Department, to arrest an individual who allegedly assaulted him in his Westminster home.

Mr. Searcy has been granted leave to proceed pursuant to the federal *in forma pauperis* statute, 28 U.S.C. § 1915 (2006). Subsection (e)(2)(B) of § 1915 requires a court to dismiss *sua sponte* an action at any time if the action is frivolous, malicious, or seeks monetary relief against a defendant who is immune from such relief. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

Mr. Searcy is cautioned that his ability to file a civil action or appeal in federal court *in forma pauperis* pursuant to 28 U.S.C. § 1915 may be barred if he has three or more actions or appeals in any federal court that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(g). Under § 1915(g), the Court may count dismissals entered prior to the enactment of this statute. *Green v. Nottingham*, 90 F.3d 415, 420 (10th Cir. 1996).

The Court must construe the complaint liberally because Mr. Searcy is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the complaint and the action will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

In the instant action, Mr. Searcy claims that on December 8, 2006, an individual, named Jason Uriah Biggs, assaulted him in his Westminster home, causing him injuries. He contends that Defendant violated a duty owed to Plaintiff by failing to arrest Mr. Biggs on the charge of second-degree assault. He asks this Court to compel the Westminster Police Department to arrest Mr. Biggs.

Despite the fact that Mr. Searcy characterizes his pleading as a civil rights complaint, he actually is asking for relief in the nature of mandamus. Pursuant to 28 U.S.C. § 1361 (2006), a federal district court has jurisdiction over a mandamus action "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." "The common-law writ of mandamus, as codified in

2

§ 1361, however, is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." *Heckler v. Ringer*, 466 U.S. 602, 616 (1984). "[T]he remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." **Allied Chemical Corp. v. Daiflon, Inc.**, 449 U.S. 33, 34 (1980) (per curiam). To grant mandamus relief, the Court must find that the plaintiff has a clear right to the relief sought, that the defendant has a plainly defined and peremptory duty to perform the action in question, and that no other adequate remedy is available. *See Wilder v. Prokop*, 846 F.2d 613, 620 (10th Cir. 1988).

The extraordinary remedy of mandamus is not appropriate in this action. Mr. Searcy is not seeking to compel a federal officer, employee, or agency with a duty to perform the act in question. In addition, he fails to demonstrate that he has a clear right to the relief he seeks, that Defendant has a duty to perform the act in question, or that no other adequate remedy is available. Accordingly, it is

ORDERED that the complaint and the action are dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

DATED at Denver, Colorado, this 18 day of Sept. , 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No. 08-cv-01278-BNB

John H. Searcy
Prisoner No. 139233
Fremont Correctional Facility
PO Box 999
Cañon City, CO 81215- 0999

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 9/22/08

GREGORY C. LANGHAM, CLERK

By: _____
          Deputy Clerk